NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 9 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PATRICK G. BROTHERTON, a single man,

Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

Defendant-Appellee.

No.   19-35541

D.C. No. 2:17-cv-00098-SAB

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of Washington
Stanley Allen Bastian, District Judge, Presiding

Submitted June 1, 2020**
Seattle, Washington

Before:  GOULD, BEA, and MURGUIA, Circuit Judges.

Patrick Brotherton appeals the district court's judgment that the United States was not liable for medical malpractice under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671–80.  Under the FTCA, a federal court must

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

apply the law that state courts would apply in an analogous tort action. *Rhoden v. United States*, 55 F.3d 428, 431 (9th Cir. 1995) (per curiam). The parties agree Washington tort law applies here.

After ankle surgery, Brotherton's leg became infected due to complications related to his diabetes and was ultimately amputated below the knee. Brotherton then commenced this action against the United States, alleging medical malpractice by his primary care physician at the Department of Veterans Affairs ("VA"), Dr. Sim. Brotherton alleged that Dr. Sim's duty of care under Washington law required him to (a) tell Brotherton not to undergo surgery because his diabetic condition was uncontrolled (creating an unreasonable risk of infection), (b) tell Brotherton's surgeon the same message, or (c) de-authorize the VA's medical care referral to the surgeon, who was not affiliated with the VA and is therefore not part of this lawsuit. At a bench trial, the district court found that Brotherton's only expert witness on the applicable standard of care was not credible because his "testimony was of an advocate, rather than an expert." Therefore, the district court held that Dr. Sim's duty of care did not require him to undertake any of those three actions.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm. While Brotherton makes several arguments that the district court erred, his appeal cannot overcome this single, dispositive obstacle: Without the testimony of his expert

2

witness, which the district court plausibly did not find credible, he could not establish that Washington's standard of care required Dr. Sim to perform any of the three acts (a), (b), or (c) in the preceding paragraph.

Under Washington law, a plaintiff in a medical malpractice case must show that "[t]he health care provider failed to exercise that degree of care, skill, and learning expected of a reasonably prudent health care provider at that time in the profession or class to which he or she belongs, in the state of Washington, acting in the same or similar circumstances." *Reyes v. Yakima Health Dist.*, 419 P.3d 819, 822–23 (Wash. 2018) (quoting Wash. Rev. Code § 7.70.040(1)). "The applicable standard of care in medical malpractice actions must generally be established through expert testimony." *Id.* at 823 (citing *Miller v. Jacoby*, 33 P.3d 68 (Wash. 2011).

The district court did not clearly err when it found that Brotherton's sole expert witness, Dr. Leo, was not credible. The record plausibly shows that Dr. Leo testified to a standard of care that he and his hospital do not practice, that he does not teach to his residents during training, and that no text or treatise proffered by Dr. Leo supported. Thus, the district court's finding that Dr. Leo was acting as an advocate rather than an expert was not "'illogical or implausible,' or without 'support in inferences that may be drawn from the facts in the record.'" *Rodriguez v. Holder*, 683 F.3d 1164, 1170 (9th Cir. 2012) (quoting *Andersen v. Bessemer*

3

*City*, 470 U.S. 564, 577 (1985)). As such, Brotherton was unable to establish a required element for his cause of action: that the relevant standard of care required Dr. Sim to advise Brotherton or his surgeon not to go through with the surgery, or to de-authorize Brotherton's referral.

This conclusion is sufficient to affirm the judgment of the district court, and none of Brotherton's other arguments compel a contrary result. First, Brotherton is incorrect that the district court erred by relying on an orthopedic surgeon's testimony to establish the standard of care for a primary care physician, because, in Washington, "doctors with unlimited licenses are competent to give expert testimony in the entire medical field." *Kelly v. Carroll*, 219 P.2d 79, 85 (Wash. 1950).

Second, Brotherton's argument that the district court erred as a matter of law by adopting the "average physician" standard of care rather than the purportedly correct "reasonably prudent" standard is similarly unavailing. Brotherton's sole expert witness did not present any evidence as to the expectations of "society" as a whole (not to mention, again, that his testimony was discredited by the district court). Nor could Dr. Leo have done so: he is not a sociologist and claims no other knowledge or expertise in social expectations or values.

Third, the district court did not err by considering Dr. Sim's training, because "training is always taken into account in the application of any reasonable

4

person standard." *Harris v. Roberts C. Growth, M.D.*, 663 P.2d 113, 116 (Wash. 1983). Fourth and finally, Brotherton provides no reason why the district court's reliance on Dr. Ledgerwood's testimony was clearly erroneous. Even if it were the case that Dr. Ledgerwood's testimony conflicted with that of Dr. Sim (and it does not appear that it is), it would not have been clearly erroneous for the district court to credit the former over the latter.

**AFFIRMED.**